IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | No. 3:18-cr-00081-L-1 |
| § | |
| LUIS ARTURO CALDERON, § | |
| #56761-177 § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Luis Arturo Calderon's ("Defendant") Motion for a Sentence Reduction under 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2) ("Motion") (Doc. 132), filed on June 17, 2024. After careful consideration of the Motion and applicable authority, the court **denies** Defendant's Motion (Doc. 132).

**I.**

Defendant pleaded guilty to one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Doc. 73 at 1. On April 10, 2019, the court sentenced Defendant to a below-Guidelines sentence of 192 months' imprisonment. Doc. 109 at 2; *see also* Doc. 92-1 at 14, ¶ 70 (Presentence Report (PSR) listing the Guideline imprisonment range as 210-240 months). His anticipated release date is September 14, 2030. *See* https://www.bop.gov/inmateloc (last visited February 10, 2025).

On June 17, 2024, Defendant filed the pending Motion, which seeks a compassionate release under 18 U.S.C. § 3582(c)(1)(A) and sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. *See* Doc. 132. Defendant contends that he is entitled to a compassionate release because of the following circumstances, considered collectively under U.S.S.G. § 1B1.13(b)(5): (1) Defendant's sentence would be shorter if he were sentenced today because of a change in the

Sentencing Guidelines that eliminated a disparity between the treatment of actual methamphetamine and methamphetamine mixture; (2) Defendant would receive a shorter sentence if he were sentenced today because he would qualify for a safety valve reduction under the First Step Act of 2018 ("FSA of 2018"); (3) Defendant received a harsher sentence than his co-defendants; (4) Defendant's sentence "appears disproportionately harsh when evaluated against current sentencing standards"; (5) Defendant is a non-citizen who "faces the additional consequence of deportation upon completion of his sentence, which is not faced by similarly situated U.S. citizen offenders"; and (6) Defendant has been rehabilitated. Doc. 132 at 5-6, 12-22.

Defendant also contends that relief is warranted under Amendment 821 because its retroactive changes to the Sentencing Guidelines "potentially" lower his sentence. *Id.* at 4.[1]

## II.

A. <u>Defendant fails to identify an extraordinary and compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A).</u>

"[F]ederal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 54 U.S. 522, 526 (2011) (internal quotation marks omitted). The rule of finality, however, is subject to a few "narrow exceptions." *Id.* Relevant here, a court can modify a sentence by granting a motion for a sentence reduction, or compassionate release, under 18 U.S.C. § 3582(c)(1)(A), or a motion for sentence reduction based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).

Compassionate release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(ii). Either the Director of the Bureau of Prisons ("BOP") or the defendant can file a compassionate release motion. Under this section, the court may "reduce the term of imprisonment" and "impose a term

---

[1] On July 15, 2024, Defendant filed a stand-alone motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821, which the court denied on August 12, 2024. Docs. 135-138.

Memorandum Order and Opinion—Page 2

of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A)(ii). "The standard for relief is exacting." *United States v. Maria Guadalupe Mendoza Villegas*, 4:13-CR-200-SDJ, 2025 WL 350229, at *2 (E.D. Tex. Jan. 30, 2025). The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024) (unpublished).[2]

Congress did not define "extraordinary and compelling reasons," instead delegating the authority to do so to the Sentencing Commission. *See* 28 U.S.C. § 994(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). In doing so, Congress "provided just one restriction: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

Under this authority, the Sentencing Commission promulgated U.S.S.G. § 1B1.13, which in its current form, lists six "extraordinary and compelling reasons" that could warrant sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant is a victim of abuse; (5) other reasons that are

---

[2] Additionally, before seeking relief from the court, a defendant must submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337, 338 (5th Cir. 2021) ("[A]n inmate has two routes by which he may exhaust his administrative remedies. Both begin with 'requesting that the [BOP] bring a motion on the defendant's behalf.'") (citation omitted). Here, because the Government has not filed a response and therefore has not raised the exhaustion defense, the court assumes that Defendant has exhausted his compassionate release claims.

Memorandum Order and Opinion—Page 3

"similar in gravity" to reasons one through four; and (6) whether the defendant has an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)-(6). "This section binds district courts because Section 3582 requires sentence reductions to be 'consistent with applicable policy statements issued by the Sentencing Commission[.]'" *Villegas*, 2025 WL 350229, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). "And the 2023 amendments made clear that U.S.S.G. § 1B1.13 applies to motions filed by either 'the Director of the [BOP] or the defendant.'" *Id.* (citing U.S.S.G. § 1B1.13(a); *United States v. Jean*, 108 F.4th 275, 290 (5th Cir. 2024), *abrogated on other grounds by United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2025)).

The Fifth Circuit has added that its understanding of "extraordinary" means "beyond or out of the common order," "remarkable," and "synonymous with 'singular.'" *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) (citations omitted). It explained that prisoners "can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id.* The *Escajeda* court also confirmed that a prisoner cannot use a compassionate release motion to challenge the legality or duration of his sentence—such arguments must raised through a direct appeal or a motion for collateral relief under 28 U.S.C. § 2255. *Id.* at 187.

Finally, Defendant shows extraordinary and compelling circumstances, he still must show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the § 3553(a) factors also favor release.

Defendant contends that he is entitled to a compassionate release because of the following circumstances, which he argues, collectively, amount to an "other reason" for relief under U.S.S.G. § 1B1.13(b)(5): (1) Defendant's sentence would be shorter if he were sentenced today because of a change in the Sentencing Guidelines that eliminated a disparity between the treatment of actual

methamphetamine and methamphetamine mixture; (2) Defendant would receive a shorter sentence if he were sentenced today because he would qualify for a safety valve reduction under the FSA of 2018; (3) Defendant received a harsher sentence than his co-defendants; (4) Defendant's sentence "appears disproportionately harsh when evaluated against current sentencing standards"; (5) Defendant is a non-citizen who "faces the additional consequence of deportation upon completion of his sentence, which is not faced by similarly situated U.S. citizen offenders," and (6) Defendant has been rehabilitated. Doc. 132 at 5-6, 12-22.

These arguments, considered collectively or individually, fail to show an extraordinary and compelling reason for a compassionate release.

First, the court cannot agree that "[t]he disparity between actual methamphetamine and methamphetamine mixture is now clearly recognized in the sentencing guidelines," and that if Defendant were sentenced today, this disparity would result in a four-level reduction in his offense level. Doc. 132 at 4. Defendant does not explain how he calculates this alleged four-level reduction. He identifies no alleged Guideline amendment regarding reducing sentences for actual methamphetamine, and the court has not located one. *See*, *e.g.*, *Acuna v. United States*, Crim. No. 07-00615 SOM (010), 2024 WL 4709988, at *4 (D. Haw. Nov. 7, 2024) (rejecting identical argument for compassionate release and noting that "Acuna does not explain how he calculates this 4-level reduction, and the Government says it is unaware of what guideline amendment Acuna might be relying on"). Even if he could identify a relevant change to the Sentencing Guidelines, Defendant was not held accountable for pure or actual methamphetamine. This is evident because the PSR never lists the purity of the methamphetamine for which Defendant was held accountable, refers to the prohibited substance as a "mixture or substance containing a detectable amount of methamphetamine," and explains that, at the time of the report, the probation officer had not

Memorandum Order and Opinion—Page 5

received the results of DEA testing on the methamphetamine. *See id.* at 4, ¶¶ 2, 4, 14, 17. Thus, Defendant fails to show he would receive a shorter sentence if he was sentenced today because of an alleged Guideline amendment related to methamphetamine purity.

Next, Defendant contends that, were he sentenced today, he would receive the benefit of a safety valve reduction under 18 U.S.C. § 3553(f) as expanded by the FSA of 2018. Doc. 132 at 4. Again, the court cannot agree. Defendant fails to show a difference between the sentence he received and what he would receive today because of the safety valve expansion. The FSA of 2018's safety valve expansion applied to Defendant because he was convicted and sentenced on April 10, 2019, after the FSA of 2018 went into effect. *See* First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5221 (2018) (providing that the FSA of 2018's broadening of safety valve eligibility applies "only to a conviction entered on or after the date of the enactment of th[e] Act," which was December 21, 2018).

At any rate, Defendant is not eligible for a safety valve reduction under the FSA of 2018 because he was found to be an "organizer, leader, manager, or supervisor of others in the offense." *See* 18 U.S.C. § 3553(f) (explaining that the safety valve does not apply if "the defendant was…an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines"); U.S.S.G. § 5C1.2 (same); *see also* Doc. 121 at 32 (sentencing transcript finding that a two-level enhancement applied because Defendant "either exercised leader [sic] organizer or he was operating in a leader or organizer capacity, or alternatively, the evidence shows that he exercised or managed responsibility over the property in this case methamphetamine, and the court has ruled that the information provided in the presentence report and during the course of this hearing is sufficient for the court to reasonably infer that the enhancement should apply").

Next, Defendant contends that he received a longer sentence than his codefendants is "inequitable" and an extraordinary and compelling reason for a compassionate release. Doc. 132 at 4. This argument is unpersuasive. Defendant received a longer sentence than his co-defendants because of the facts and circumstances of his offense. Co-defendant Ashley Marie Cruz was convicted of possession with intent to distribute under 18 U.S.C. § 371—an entirely different offense than Defendant's, which only carried a five-year maximum sentence. *See* Doc. 95. That her sentence was shorter than Defendant's sentence for possession with intent to distribute under 21 U.S.C. § 841(a)(1) & (b)(1)(C) is statutorily mandated and not extraordinary or compelling.

As for the other co-defendant, Henry Acosta Arellanes, he received a 108-month sentence for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Doc. 117. The facts of Arellanes's offense conduct, however, were different from Defendant's. Defendant was found to be an organizer, leader, manager, or supervisor in the criminal activity, resulting in an enhancement. *See* Doc. 92-1 at 9, ¶ 32. Defendant was also held accountable for more drugs. *Compare* Doc. 92-1, ¶21 *with* Doc. 97-1, ¶ 20. Defendant's Guideline range—from which the court deviated to impose a more lenient sentence—was 210 to 240 months' imprisonment. Doc. 92-1 at 14, ¶ 71. On the other hand, the court determined that Arellanes qualified for a two-level reduction as a minor participant, reducing his guideline range to 97-121 months. Doc. 118 at 1.

In sum, the court's sentencing reflects a routine application of the Sentencing Guidelines and 18 U.S.C. § 3553(a) and is not extraordinary or compelling. Defendant fails to show that a sentencing disparity warrants a compassionate release.

Next, Defendant contends that his sentence is "disproportionately harsh when evaluated against current sentencing standards, which have evolved to apply more equitable measures for

drug offenses." Doc. 132 at 5. He contends that "outdated sentencing enhancements" applied to his sentence violates the Equal Protection Clause of the Fourteenth Amendment, and he references alleged statistics showing that his sentence is high for a methamphetamine offense, as a general matter. *See id.* at 17.

This argument is unpersuasive. As explained, the court imposed its below-Guidelines sentence after considering the 18 U.S.C. § 3553(a) sentencing factors, including the particular facts of Defendant's offense. The court's routine application of 18 U.S.C. § 3553(a) to impose a below-Guidelines sentence is neither extraordinary nor compelling. Further, to the extent that Defendant wishes to challenge the legality of his sentence under the Fourteenth Amendment, the proper way to do so is though a motion under 28 U.S.C. § 2255, not a compassionate release motion. *See Escajeda*, 58 F.4th at 187-88.

Next, Defendant contends that his status as a non-citizen facing deportation upon the completion of his sentence amounts to an extraordinary and compelling circumstance warranting an early release. Doc. 132 at 5. He contends that his status as a deportable alien "has resulted in harsher confinement conditions," including ineligibility for "certain rehabilitative programs and early release options," potential for prolonged detention because of immigration holds, and increased likelihood of being housed in more restrictive environments. Doc. 132 at 20-21. He references a decision from the Southern District of California in which the court found that the effect of the defendant's immigration status on his conditions of confinement, combined with several other factors, warranted a compassionate release. *See United States v. Pinal-Maldonado*, Case No. 17cr3431-MMA-2, 2023 WL 6931783, at *4 (S.D. Cal. Oct. 19, 2023).

Ultimately, however, the conditions that Defendant references—many of which are described only as potentialities—would apply to most if not all non-citizens facing deportation

Memorandum Order and Opinion—Page 8

after a prison sentence. They are therefore common—or, at the least, not unique to Defendant—and not extraordinary and compelling in this Circuit under *Escajeda*. *See also United States v. Anaya-Gonzalez*, Criminal No. 4942381, 2024 WL 4942381, at *3 (N.D. Tex. Dec. 2, 2024) ("Fourth, the fact that Anaya might be deported after his sentence does not independently warrant compassionate release.").

Next, Defendant contends that his rehabilitation efforts warrant a compassionate release. Doc. 132 at 6. Pursuant to U.S.C. § 994(t), however, rehabilitation of the defendant, is not, by itself, an extraordinary and compelling reason for a sentence reduction. *See also United States v. Handlon*, NO. 23-50386, 2024 WL 111787, at *1 (5th Cir. Jan. 10, 2024) (unpublished) (noting that "rehabilitation efforts alone are not an extraordinary and compelling reason"). As explained, Defendant has presented no other valid circumstances that warrant a sentence reduction, so his rehabilitation efforts, while laudable, are not alone sufficient to warrant a sentence reduction.

In sum, Defendant fails to show an extraordinary and compelling reason for a compassionate release under 18 U.S.C. § 3582(c)(1)(A).[3]

2. <u>Defendant is not entitled to a sentence reduction under Amendment 821</u>.

Defendant also contends that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c) because of the retroactive portions of Amendment 821. Doc. 132 at 8-11.

The court notes that Defendant filed a stand-alone motion under Amendment 821 after he filed this Motion. *See* Doc. 135. The court denied that motion, finding that Defendant is not eligible for a sentence reduction under U.S.S.G. § 4A1.1(e) because status points were not assessed in this case, and he is not entitled to a sentence reduction under U.S.S.G. § 4C1.1 because he received an

---

[3] Because the court finds that Defendant has not shown an extraordinary and compelling reason for a compassionate release, it does not consider whether the § 3553(a) sentencing factors warrant release. *See*, *e.g.*, *Anaya-Gonzalez*, 2024 WL 4942381, at *3.

Memorandum Order and Opinion—Page 9

aggravating role adjustment under U.S.S.G. § 3B1.1. *See* Docs. 136, 138.

Defendant presents nothing in the instant Motion that would alter any of that analysis. He is not entitled to a sentence reduction under 18 U.S.C. § 3582(c) and Amendment 821.[4]

**III.**

For the reasons discussed herein, Defendant Luis Arturo Calderon's Motion is **denied.**

**It is so ordered** this 13th day of February, 2024.

Sam A. Lindsay
United States District Judge

---

[4] Defendant also seeks court-appointed counsel. Doc. 132 at 23. A defendant has no statutory or constitutional right to appointed counsel for the purpose of bringing a motion for a sentence reduction under 18 U.S.C. § 3582(c). *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Rodriguez*, Crim. Action. No. 2:10-CR-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015). The court may appoint counsel in § 3582(c) proceedings in the interest of justice, but here, as explained, Defendant's requests for relief lack any merit. The interests of justice do not require or favor appointing counsel.

Memorandum Order and Opinion—Page 10