IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § |
| v. | §    No. 3:18-cr-00081-L-1 <br> § |
| LUIS ARTURO CALDERON, <br> #56761-177 | § <br> § <br> § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Luis Arturo Calderon's (Defendant) Motion for a Sentence Reduction Under 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2) (Doc. 140) and Motion to Appoint Counsel (Doc. 141) ("Motions"), filed on September 30, 2025. After careful consideration of the Motions and applicable authority, the court **denies** Defendant's Motions.

**I.**

Defendant pleaded guilty to one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Doc. 73 at 1. On April 10, 2019, the court sentenced Defendant to a below-Guidelines sentence of 192 months' imprisonment. Doc. 109 at 2; *see also* Doc. 92-1 at 14, ¶70 (Presentence Report (PSR) listing the Guideline imprisonment range as 210-240 months). His anticipated release date is September 14, 2030. *See* https://www.bop.gov/inmateloc (last visited October 3, 2025).

On September 30, 2025, Defendant filed the pending motion for a sentence reduction, which seeks a compassionate release under 18 U.S.C. § 3582(c)(1)(A) and sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. *See* Doc. 140. Defendant asserts that he is entitled to a compassionate release because of the following circumstances, considered collectively under U.S.S.G. § 1B1.13(b)(5): (1) Defendant's sentence would be shorter if he were sentenced

today because of a change in the Sentencing Guidelines that eliminated a disparity between the treatment of actual methamphetamine and methamphetamine mixture; (2) Defendant would receive a shorter sentence if he were sentenced today because he would qualify for a safety valve reduction under the First Step Act of 2018 ("FSA of 2018"); (3) Defendant received a harsher sentence than his co-defendants; (4) Defendant's sentence "appears disproportionately harsh when evaluated against current sentencing standards"; (5) Defendant is a non-citizen who "faces the additional consequence of deportation upon completion of his sentence, which is not faced by similarly situated U.S. citizen offenders"; and (6) Defendant has been rehabilitated. Doc. 140 at 5-6, 12-22. Defendant also contends that relief is warranted under Amendment 821 because its retroactive changes to the Sentencing Guidelines "potentially" lower his sentence. *Id.* at 4.[*]

However, Defendant's motion for a sentence reduction is duplicative of a prior motion filed on June 17, 2024. *See* Doc. 132. Defendant appears to have re-filed this prior motion verbatim. For the reasons set forth in the court's February 13, 2025, Memorandum Opinion and Order denying Defendant's June 17, 2024 motion, the court **denies** Defendant's pending motion for a sentence reduction. *See* Doc. 139.

## II.

Defendant also seeks court-appointed counsel. Doc. 140 at 23; *see also* Doc. 141. As explained in the court's February 13, 2025 Memorandum Opinion and Order, Defendant has no statutory or constitutional right to appointed counsel for the purpose of bringing a motion for a sentence reduction under 18 U.S.C. § 3582(c). *See* Doc. 139 at 10, n.4 (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Rodriguez*, Crim. Action. No. 2:10-CR-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015)). The court may appoint counsel

---

[*] On July 15, 2024, Defendant also filed a stand-alone motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821, which the court denied on August 12, 2024. Docs. 135–38.

Memorandum Order and Opinion—Page 2

in § 3582(c) proceedings in the interest of justice, but here, as explained, Defendant's requests for relief lack any merit. The interests of justice do not require or favor appointing counsel.

### III.

For the reasons discussed herein, Defendant Luis Arturo Calderon's Motion for a Sentence Reduction under 18 U.S.C. §§ 3582(c)(1)(A) and 3582(C)(2) (Doc. 140) and Motion to Appoint Counsel (Doc. 141), filed on September 30, 2025, are **denied.**

**It is so ordered** this 9th day of October, 2025.

Sam A. Lindsay
United States District Judge